[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10412
Non-Argument Calendar
_____

Agency No. A089-948-787

ANGEL HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 10, 2018)

Before WILSON, MARTIN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Angel Hernandez seeks review of the Board of Immigration Appeal's (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for withholding of removal and Convention Against Torture (CAT) relief.  He argues that the BIA erred by not giving reasoned consideration to his arguments and evidence, by concluding that he failed to show government acquiescence to the torture he fears at the hands of MS-13, and by determining that he committed a particularly serious crime.  After careful review of the briefs and record, we deny his petition.

First, Hernandez argues that the BIA failed to fully consider the evidence showing that the Guatemalan government participates in or acquiesces to the torture that he will face if removed to Guatemala.  We review this issue de novo. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874 (11th Cir. 2018).  In a reasoned consideration inquiry, we look to whether the BIA "consider[ed] the issues raised and announce[d] [its] decision in terms sufficient to enable a reviewing court to perceive that [it has] heard and thought and not merely reacted." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015) (alterations in original).  The BIA gives reasoned consideration where it "lists the basic facts of the case, references the relevant regulatory and statutory provisions on which the order is based, and accepts several grounds on which the Immigration Judge properly denied the motion." *Bing Quan Lin*, 881 F.3d at 874–75.

2

Here, the BIA gave reasoned consideration to the evidence Hernandez submitted. Both the IJ and the BIA considered the evidence regarding corruption in the Guatemalan government. But the IJ found that the evidence that the Guatemalan government was aggressively attempting to stop gang violence was more persuasive. And the BIA agreed. Although Hernandez would weigh the evidence differently, we cannot say that the BIA failed to give reasoned consideration.

Second, Hernandez argues that the BIA used an incorrect legal standard in determining that he was ineligible for CAT relief. We review the BIA's legal conclusions de novo. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations under the substantial-evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004). We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).

To qualify for CAT relief, Hernandez must prove that it is more likely than not that he would be tortured by, or with the consent or acquiescence of, a public official or person acting in an official capacity upon return to his country. *Al*

3

*Najjar*, 257 F.3d at 1303.  The regulations require that "all evidence relevant to the possibility of future torture shall be considered, including . . . [e]vidence of past torture inflicted upon the applicant."  8 C.F.R. § 208.16(c)(3).  Where a government actively combats a non-governmental group, that the government is not entirely successful in its efforts does not amount to acquiescence.  *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1243 (11th Cir. 2004)

We conclude that the BIA did not err in concluding that Hernandez failed to show that the government would acquiesce to any torture MS-13 might attempt to inflict upon him.  The record evidence demonstrates that the government of Guatemala is actively combatting gang violence and police corruption, and the fact that it has not been entirely successful does not show its acquiescence.

Finally, Hernandez argues that the BIA erred by determining that he had been convicted of a particularly serious crime.  We do not have the authority to review agency decisions that have been made discretionary by statute, except where the petitioner raises a constitutional issue or a question of law.  *Kucana v. Holder*, 558 U.S. 233, 244–45, 130 S. Ct. 827, 835 (2010); INA § 242(a)(2)(D); 8 U.S.C. § 1252(a)(2)(D).  Here, Hernandez is not arguing that conspiracy to commit murder and traffic drugs is not a particularly serious crime, but rather that, as a factual matter, he is innocent of most of the conduct underlying his conspiracy

conviction, and the agency abused its discretion by relying on that unproven conduct.  Thus, we do not have jurisdiction over Hernandez's claim

**PETITION DENIED.**